The document below is hereby signed.

Signed: August 24, 2013



*/s/ S. Martin Teel Jr.*

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JONATHAN EDWIN LILLY, | ) | Case No. 10-00868 |
| | ) | (Chapter 11) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER RE REQUEST
FOR DISCHARGE OF DEBTOR AND RE MOTION FOR FINAL DECREE

The debtor, Jonathan Edwin Lilly, has filed a *Request for Discharge of Debtor* (Dkt. No. 251) as well as a *Final Report and Motion for Final Decree* (Dkt. No. 250).

I

The *Request for Discharge of Debtor* must be denied. The debtor's confirmed plan was not a liquidating plan, and, accordingly, 11 U.S.C. § 1141(d)(3) does not apply here (which, if applicable, would require the debtor to file "a statement of completion of a course concerning personal financial management" under Fed. R. Bankr. P. 1007(b)(7) in order to obtain a discharge). However, 11 U.S.C. § 1141(d)(5) provides in relevant part:

In a case in which the debtor is an individual-

>     (A) unless after notice and a hearing the court
> orders otherwise for cause, confirmation of the plan does
> not discharge any debt provided for in the plan until the
> court grants a discharge on completion of all payments
> under the plan;
> . . .
>     (C) the court may grant a discharge if, after notice
> and a hearing held not more than 10 days before the date
> of the entry of the order granting the discharge, the
> court finds that there is no reasonable cause to believe
> that—
>         (i) section 522 (q)(1) may be applicable to
>     the debtor; and
>         (ii) there is pending any proceeding in which
>     the debtor may be found guilty of a felony of the
>     kind described in section 522 (q)(1)(A) or liable
>     for a debt of the kind described in section 522
>     (q)(1)(B); and if the requirements of subparagraph
>     (A) or (B) are met.

(Section 1141(d)(5)(B) deals with granting a debtor a so-called hardship discharge, and the debtor has not invoked that provision.) The debtor's *Request for Discharge* and his *Final Report and Motion for Final Decree* make clear that he has **not** completed plan payments, and he has not alleged any cause for entering a discharge despite that failure.[1]  Accordingly, the debtor is not entitled to a discharge at this juncture.

In addition, his *Request for Discharge* does not address § 1141(d)(5)(C), which contemplates that a discharge in a chapter 11 case will be granted to a debtor who is an individual only

---

[1] This is not a case in which payments on all unsecured claims have been completed, but payments on mortgage obligations have not been completed, which might be cause for entering a discharge of the unsecured debts even though plan payments have not been completed. *See In re Belcher*, 410 B.R. 206, 217-18 (Bankr. W.D. Va. 2009); *In re Brown*, 2008 WL 4817505 (Bankr. D.D.C. Oct. 29, 2008).

2

after notice and a hearing.  Here, the debtor gave no notice of the motion and of the opportunity to oppose the motion (such as to satisfy that requirement by reason of 11 U.S.C. § 102(1)).[2]

II

The debtor's *Final Report and Motion for Final Decree* show that there has been substantial consummation of the debtor's confirmed plan.  Accordingly, the court may enter a final decree closing the case pursuant to Fed. R. Bankr. P. 3022 and the Advisory Committee Note thereto.  *See Schwartz v. Aquatic Dev. Group, Inc. (In re Aquatic Dev. Group, Inc.)*, 352 F.3d 671, 676, 678 (2d Cir. 2003).  That will stop the running of quarterly fees owed to the United States Trustee, but to obtain a discharge once plan payments are completed, it will be necessary for the debtor to file a motion to reopen the case and pay the substantial fee for filing such a motion.  Unless the debtor withdraws his *Motion*

---

[2] By way of analogy, chapter 13 imposes a similar requirement of notice and a hearing before a discharge may be granted, and this court's Local Official Form No. 11 (*Debtor's Motion for Entry of § 1328(a) Chapter 13 Discharge and Notice of Deadline and Opportunity to Object*) is used for obtaining a chapter 13 discharge.  *See* LBR 4008-1.  With modifications deleting provisions inapplicable in chapter 11, that form could be used to obtain a chapter 11 discharge after completing plan payments.  The court has not promulgated a form for chapter 11 cases because the required motion would vary depending on whether § 1141(d)(3) does or does not apply.  The Federal Rules of Bankruptcy Procedure do not specify the entities entitled to notice and a hearing regarding a motion for entry of a chapter 11 discharge for a debtor who is an individual, and in some circumstances it may be appropriate to limit notice (*e.g.*, to the creditors listed under Rule 1007(d) and those who have requested to receive all notices in the case).

*for Final Decree*, I will enter a final decree closing the case subject to the debtor's right to file a motion to reopen the case in order to pursue a motion to obtain a discharge once he is able to show that he is entitled to a discharge under § 1141(d).

However, I recognize that the debtor may have anticipated receiving a discharge pursuant to his *Request for Discharge* that would avoid the necessity of filing a motion to reopen the case after it is closed (pursuant to his *Motion for Final Decree*) in order to obtain a discharge.  If, to avoid the expense of a motion to reopen the case, the debtor would prefer to keep the case open (despite continuing to incur quarterly fees owed the United States Trustee), he may file a notice within 21 days of entry of this *Memorandum Decision and Order* withdrawing the *Final Report and Motion for Final Decree*.  I will delay entering an order granting the *Motion for Final Decree* until the debtor has had an opportunity timely to file such a notice.

                                III

It is thus

ORDERED that the debtor's *Request for Discharge* (Dkt. No. 251) is DENIED without prejudice.  It is further

ORDERED that the court will delay acting on the *Final Report and Motion for Final Decree* (Dkt. No. 250) until the debtor has had an opportunity within 21 days after entry of this *Memorandum Decision and Order* to file a notice withdrawing the *Final Report*

*and Motion for Final Decree* (or until the debtor notifies the court that he does not desire to withdraw the *Final Report and Motion for Final Decree*).

[Signed and dated above.]

Copies to: Debtor; Recipients of e-notification.

R:\Common\TeelBW\Judge Teep Docs\Lilly (Jonathan Edwin) Order re Mtn for Discharge_v2.wpd